# UNITED STATES DISTRIC COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BJORN BURKE** | : | **CASE ACTION NO.** |
| *Plaintiff* | : | |
| | : | **JURY TRIAL REQUESTED** |
| **VS.** | : | |
| | : | |
| **UNIVERSITY OF HARTFORD** | : | **OCTOBER 29, 2024** |
| *Defendant* | : | |

# COMPLAINT

### I. INTRODUCTION:

1. This is an action brought pursuant to 42 USC § 1981 to redress racial discrimination in the workplace.

### II. JURISDICTION AND VENUE:

2. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331, insofar as this Action are brought under the laws of the United States, and in particular, § 1981.

3. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in the State of Connecticut, Plaintiff worked in the State of Connecticut, and Defendant is organized under the laws of the State of Connecticut and has its principal place of business in the State of Connecticut.

### III. PARTIES:

4. At all times set forth herein, the Plaintiff, Bjorn Burke, was a resident of West Hartford, Connecticut.

5. The Plaintiff is black man who is native to the country of Jamaica.

6. The Defendant, the University of Hartford, is a specially chartered corporation organized under the laws of the State of Connecticut.

7. The Plaintiff first began working for the Defendant in September 2019, in the position of Accountant / Budget Analyst.

8. In or around November of 2020, the Plaintiff left his position with the Defendant for a position with a Connecticut municipality.

9. After Plaintiff left the Defendant in November of 2020, he remained in contact with his supervisor with the Defendant, Elaine Daly ("Daly").

10. Throughout the time that Plaintiff was employed by the municipality, Daly repeatedly sought to entice Plaintiff to return to his position with Defendant because of Plaintiff's qualification and knowledge of and experience of the Defendant's operations.

11. Eventually, Plaintiff agreed to return to the Defendant and began working for Defendant again as Assistant Controller on or about November 7, 2022.

12. Plaintiff was the only black person in Defendant's high-level management.

13. In February of 2023, Defendant hired Jamie Skowyra ("Skowyra") as its new Chief Financial Officer ("CFO").

14. As CFO, Skowyra was in charge of Plaintiff's department.

15. Skowyra did not like Plaintiff on account of his race and/or believed that Plaintiff's race made him unsuitable for high-level management role with Defendant.

16. Skowyra never spoke to Plaintiff and would not even make eye contact with him.

17. Upon taking over, Skowyra made an effort to meet with each senior employee in the department and learn what they did.

18. Skowyra never made any such effort to meet with the Plaintiff or learn what he did.

19. In or around July of 2023, Skowyra hired Cady Maynard ("Maynard"), to take over the Controller position from Daly.

20.     Skowyra knew Maynard from her prior work experience and gave her the Controller position without ever notifying Plaintiff of the opening or allowing him to interview for the position—this despite the fact that Defendant had only recently pursued Plaintiff to return as Assistant Controller based upon his extensive knowledge and experience of the Defendant's financial operations, which him the ideal candidate for the Controller position.

21.     Approximately one month after Maynard began working for Defendant, she called Plaintiff into a meeting.

22.     Present in the meeting were Maynard and Defendant's Head of Human Resources, Jenn Connelly ("Connelly").

23.     Maynard and Connelly explained to Plaintiff that Defendant was purportedly eliminating his position.

24.     Maynard and Connelly then presented Plaintiff with a number of lower-level positions, which required credentials below what Plaintiff possessed, and invited him to apply.

25.     Plaintiff ultimately declined to apply for positions that were below his level of qualifications, ability, and experience.

**FIRST COUNT:**          **Race discrimination pursuant to 42 USC § 1981**

26.     All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

27.     Defendant discriminated against Plaintiff in his contract of employment on the basis of his race, in violation of 42 USC § 1981.

28.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**WHEREFORE, Plaintiff prays for all available legal and equitable relief, as follows:**

1. Money damages ;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages;

4. Attorneys' fees and costs of this Action; and

5. All other awardable relief.

          THE PLAINTIFF
          BJORN BURKE

          BY: _____
          Michael J. Reilly, Esq. (ct28651)
          CICCHIELLO & CICCHIELLO, LLP
          364 Franklin Avenue
          Hartford, CT 06114
          Phone: 860-296-3457
          Fax: 860-296-0676
          Email: mreilly@cicchielloesq.com

**UNITED STATES DISTRIC COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BJORN BURKE** | : | **CASE ACTION NO.** |
| *Plaintiff* | : | |
| | : | **JURY TRIAL REQUESTED** |
| VS. | : | |
| | : | |
| **UNIVERSITY OF HARTFORD** | : | **OCTOBER 29, 2024** |
| *Defendant* | : | |

**JURY DEMAND**

The Plaintiff hereby demands a jury trial on all issues so triable.

                              THE PLAINTIFF
                              BJORN BURKE

BY: _____
Michael J. Reilly, Esq. (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com