**UNITED STATES DISTRIC COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BJORN BURKE** | : | **CASE ACTION NO.** |
| *Plaintiff* | : | |
| | : | **3:24-cv-01723-RNC** |
| **VS.** | : | |
| | : | |
| **UNIVERSITY OF HARTFORD** | : | **APRIL 7, 2025** |
| *Defendant* | : | |

**RULE 26(f) REPORT OF PARTIES PLANNING MEETING**

The parties in the above-referenced matter hereby submit the following Rule 26(f) pretrial plan for approval by the Court, and jointly propose the following management plan:

Date Complaint Served:            November 8, 2024

Date Answer Filed:            January 6, 2025

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred on March 29, 2024. The participants were: Michael J. Reilly as attorney for the Plaintiff, Bjorn Burke, and Rachel Volkman Kushel as attorney for the Defendant, University of Hartford.

I.        Certification: Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. <u>Jurisdiction</u>

    A. <u>Subject Matter Jurisdiction</u>

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 insofar as the matters in controversy are brought pursuant to 42 USC § 1981.

    B. <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested in this matter.

III. <u>Brief Description of Case</u>:

    A. <u>Claims of Plaintiff:</u>   Plaintiff has brought a claim for discriminatory discharge on the basis of his race in violation of 42 USC § 1981.

    B. <u>Defenses and Claims (Affirmative Defenses, Counterclaims, Third-Party Claims, Cross Claims) of Defendant:</u>   Defendant denies the allegations of Plaintiff's complaint and has interposed affirmative defenses.

    C. <u>Defenses and Claims of Third-Party Defendant:</u>

Not applicable.

IV. <u>Statement of Undisputed Facts</u>: Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. All allegations of Plaintiff's Complained admitted by Defendant in its Answer are material facts that are not in dispute.

V. <u>Case Management Plan</u>:

    A. The parties will serve Initial Discovery Protocol responses by May 15, 2025.

    B. *Scheduling Conference.*

    1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

   C. *Early Settlement Conference*.

    1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

    2. The parties do not presently request referral to a settlement conference.

    3. If and when the parties elect to participate in a settlement conference, they prefer to do so with a magistrate judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D. *Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings*.

  The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1. Plaintiff does not intend to file motions to join additional parties or amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    2. The Defendants should be allowed until May 1, 2025, to file motions to join additional parties.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

      E.    *Discovery*

      1.    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26 (b)(1). At this time, the parties are not aware of any specific "needs of the case."

The parties anticipate that discovery will be needed on the following subjects:

      a.    All facts and circumstances pertaining to the Plaintiff's claims and allegations in the Complaint.

      b.    All facts and circumstances pertaining to the Defendant's affirmative defenses and specific defenses.

      c.    All facts and circumstances pertaining to any other facts alleged in the complaint, including but not limited to Plaintiff's hiring, performance, separation from employment and mitigation efforts.

The parties reserve the right to object to discovery requests propounded by the opposing party during the discovery process.

      2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced following their conference as required by Fed. R. Civ. P. 26(f) and Local Rule 16, and completed (not propounded) by February 2, 2026.

      3.    Discovery will not be conducted in phases.

      4.    The parties anticipate that Plaintiff(s) will require a total of 3 to 5 depositions of fact witnesses and that the Defendant(s) will require a total of 3 to 5 depositions of

fact witnesses. The depositions will commence upon the entry of this Scheduling Order by the Court and will be completed by February 2, 2026.

      5.      The parties will not request permission to serve more than 25 interrogatories.

      6.      Plaintiff reserves the right to call expert witnesses at trial. Defendant reserves the right to call expert witnesses at trial.

      7.      Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by September 1, 2025. Depositions of any such experts will be completed by February 2, 2026.

      8.      Defendant will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed R. Civ. P. 26(a)(2) by November 3, 2025. Depositions of such experts will be completed by February 2, 2026.

      9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 15, 2025.

      10.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of

costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

    a. Parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

    b. Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b) (2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery;

    c. ESI responsive to discovery requests will be produced in either hard copy or in TIFF format on compact discs or other appropriate storage media, except for spreadsheets which are to be produced electronically, in native file format;

    d. Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable;

    e. Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown.

    11. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties shall preserve relevant non-electronically stored records.  The parties shall take steps to prevent the destruction of potentially relevant non-electronically stored information.  Unless otherwise agreed

to by the parties, all such documents produced in accordance with a discovery request shall be provided in PDF format.

   12. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

    a. The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production;

    b. Claims of privilege with regard to ESI shall be asserted in accordance with Fed. R. Civ. P. 26(b)(5) on a log pursuant to D. Conn. L. Civ. R. 37(a)(1).

   13. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  Undersigned counsel have agreed that, in accordance with Fed. R. Civ. P. 26, inadvertent production of privileged material will not be deemed to waive the privilege.  The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue and the basis for such claim of privilege or protection within thirty (30) days of learning of such disclosure.  If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work-product and/or the parties agree as to the privilege or protection, the document and all copies (electronic and paper) shall be returned to the requesting counsel or otherwise agree and certify as to its destruction, and such shall not be used or referred to in any manner in litigation.  If counsel cannot agree as to the privilege status or work-product status of the document, the document at issue shall be segregated

from all other materials and submitted to the presiding judge for in camera inspection and determination.

With respect to withholding information on the basis of privilege or work-product protection, the parties will comply with Fed. R. Civ. P. 26, except that a privilege log need not be produced for the following documents: (a) counsel's notes; and (b) attorney-client communications (including emails) that occurred after the plaintiff retained counsel in connection with the matters alleged in the complaint.  If the parties dispute a claim of privilege, then within thirty (30) days of being informed in writing (or via email) that a dispute still exists (after good faith efforts to resolve that dispute have been reasonably exhausted), the party claiming privilege will file a motion under seal for in camera review.

The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently produced privileged materials and the parties reserve their rights to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log.

F. *Other Scheduling Issues*

The parties propose the following schedule for addressing other issues pertinent to this case [e.g. class certification, claim construction]: None.

G. *Summary Judgment Motions*.  Summary Judgment motions, which must comply with Local Rule 56, will be filed on or before April 15, 2026.

H. *Joint Trial Memorandum.*  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 45 days after the dispositive motion deadline if no dispositive motions are filed.  If dispositive motions are filed, the joint trial

memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the ruling on any dispositive motions.

VI.     Trial Readiness:

If no dispositive motion is filed, the case will be ready for trial 45 days after the joint trial memorandum is filed. If dispositive motions are filed, the case will be ready for trial within 60 days after the joint trial memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| THE PLAINTIFF<br>BJORN BURKE | THE DEFENDANT<br>UNIVERSITY OF HARTFORD |
|---|---|
| By:  /s/ *Michael J. Reilly*<br>Michael J. Reilly (ct28651)<br>CICCHIELLO & CICCHIELLO, LLP<br>364 Franklin Avenue<br>Hartford, CT 06114<br>Phone: 860-296-3457<br>Fax: 860-296-0676<br>Email: mreilly@cicchielloesq.com | BY:  /s/ *Rachel V. Kushel*<br>Rachel V. Kushel (ct27143)<br>ROBINSON & COLE LLP<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>Tel. No. (860) 275-8347<br>Fax No. (203) 462-7599<br>Email: rkushel@rc.com |

## **CERTIFICATION OF SERVICE**

      I hereby certify that on April 7, 2025 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      By:   /s/*Michael J. Reilly*
      Michael J. Reilly (ct28651)